UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **VICTOR McCOY**<br>    La. DOC #132204<br>VS.<br><br>**ALLEN TUBBS, ET AL.** | **CIVIL ACTION NO. 08-1148**<br><br>**SECTION P**<br>**JUDGE JAMES**<br>**MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Victor McCoy filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on August 5, 2008. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC); he is incarcerated at the J.B. Evans Correctional Center (JBECC), Newellton, Louisiana, but he complains that he was wrongfully deprived of "good time" credits and workers compensation benefits while he was confined at the Ouachita Corrections Center (OCC), Monroe, Louisiana. He sues OCC Corrections Officers Allen Tubbs, Linda Hail, and Martin Evans. He prays for "... any money that is due..." and the restoration of the wrongfully forfeited "good time" credits. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

### *Background*

On May 30, 2007, plaintiff, an LDOC convict, was enrolled in the Ouachita Work Release program and assigned to a job with Roger Manufacturing Company.

On or about April 5, 2008, plaintiff, while thus employed, sustained an injury to his knees. He was examined and treated by a physician at the E.A. Conway Hospital in Monroe and

released to return to work. On April 7, 2008, he returned to work; his supervisor advised him that since he was still injured he could no longer perform his job assignment properly. The supervisor also advised that he was afraid that plaintiff might re-injure himself. Plaintiff was therefore terminated from employment and returned to OCC.

He was charged with a violation of prison disciplinary rules, namely, Rule #28 (Aggravated Work Offense). He appeared before the Disciplinary Board on May 14, 2008, and pled guilty to the offense. As a result he was sentenced to forfeit 90-days accumulated "good time" credits. Plaintiff's appeal to the LDOC's Disciplinary Appeal Board was rejected as untimely on July 18, 2008.

Plaintiff filed the instant complaint on August 5, 2008; as stated above, plaintiff seeks reinstatement of the forfeited "good-time" credits and "money that is due" to him.

*Law and Analysis*

*1. Screening*

When a prisoner files a complaint in a civil action seeking redress from a governmental entity or officer or employee of a governmental entity, the district court is obliged to review the complaint as soon as is feasible and to dismiss the case if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C.A. § 1915A (stating that when a prisoner seeks redress from a governmental entity or one of its employees, the court shall review the complaint as soon as practicable and dismiss it if the court finds the complaint frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief); 42 U.S.C.A. § 1997e(c) (providing that a district court shall on its own motion or the motion of any party dismiss a complaint by a

prisoner regarding prison conditions if the court is satisfied the complaint is frivolous, malicious, falls to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). Notwithstanding the fact that plaintiff has paid the full filing fee, his complaint is still subject to screening pursuant to §§1915A and 1997e. See *Martin v. Scott*, 156 F.3d 578, 579-580 (5th Cir.1998).

A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998) (quotation omitted). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998).

A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995).

Plaintiff's complaint and exhibits present the best case which could be presented by plaintiff under the circumstances. The undersigned is convinced that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, and, giving plaintiff the benefit of every doubt, the undersigned concludes, for the reasons stated hereinafter, that plaintiff has failed to state a claim for relief, that his claims are frivolous as a matter of law, and, that his complaint should therefore be dismissed with prejudice.

## 2. Prison Disciplinary Proceeding

Plaintiff implies that he was wrongfully convicted of a prison disciplinary offense and

that as a result, 90-days of accumulated "good time" credits were forfeited. Through this action, plaintiff seeks the reinstatement of those credits and an unspecified amount of damages.

"A prisoner cannot, in a § 1983 action, challenge the fact or duration of his confinement or recover good-time credits lost in a prison disciplinary proceeding." *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998), citing *Preiser v. Rodriguez*, 411 U.S. 475, 487, 93 S.Ct. 1827, 1835, 36 L.Ed.2d 439 (1973). Thus, to the extent that plaintiff, through this proceeding, seeks restoration of the 90-days "good time" credits, he has failed to state a claim for which relief may be granted and his complaint is subject to dismissal on that basis.[1]

To the extent that plaintiff seeks monetary damages for the alleged defects in the disciplinary hearing, his complaint fares no better. Prisoners cannot bring a civil rights action pursuant to §1983 action seeking damages based upon irregularities in a prison disciplinary proceeding that resulted in the forfeiture of "good time" credits, until the offending disciplinary conviction has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a state collateral proceeding or by the issuance of a federal writ of *habeas corpus*, if a favorable judgment in the civil rights action would necessarily imply the invalidity of the disciplinary conviction at issue. *Clarke*, 154 F.3d at 189; see also *Edwards v. Balisok*, 520 U.S. 641, 644, 117 S.Ct. 1584, 1587 (1997) ( citing *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct.

---

[1] The undersigned is reluctant to construe this aspect of plaintiff's complaint as a petition for writ of *habeas corpus* because based on the information thus far supplied, and otherwise available, it is clear that plaintiff has not litigated this claim in the Louisiana courts. Under Louisiana law, plaintiff may see judicial review of disciplinary action taken against him by filing an action in the Nineteenth Judicial District Court. See La. R.S.15:1177. If not satisfied, he may seek discretionary review in the First Circuit Court of Appeals and then in the Louisiana Supreme Court. See La. Const. Art. 5, §§5 and 10. It is well-established that before proceeding to federal court for the purpose of attaining *habeas corpus* relief, a petitioner must first exhaust his available state court remedies. 28 U.S.C. § 2254; *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988). A review of the presumptively reliable published jurisprudence reveals no Louisiana Supreme Court writ judgments involving the plaintiff's recent disciplinary proceedings. Therefore, it is apparent that plaintiff has not exhausted state court remedies.

2364 (1994)).

It is abundantly clear that a judgment in plaintiff's favor in this proceeding would, of necessity, call into question the validity of the disciplinary hearing he complains of; therefore, plaintiff cannot obtain monetary damages for this allegedly improper disciplinary conviction until such time as it has been reversed, expunged, or otherwise set aside. Clearly, that has not happened. Thus, to the extent that plaintiff seeks monetary damages for his prison disciplinary conviction, his complaint must be dismissed as frivolous.

### 3. Work-Release

Plaintiff also contends that he is entitled to monetary damages, either in the form of Workers Compensation or because he was wrongfully terminated from the Work Release program.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).[2] Whether plaintiff may be entitled to workers' compensation benefits is a matter of Louisiana law, [see La. R.S. 23:1021 *et seq*], and thus any claim plaintiff may have for workers' compensation does not implicate the violation of a right secured by the Constitution and laws of the United States.

Plaintiff also implies that the defendants, who are all state actors, deprived him of his right to participate in the LDOC work release program; he thus implies that in so doing, the

---

[2] Section 1983 provides in pertinent part, "Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...." 42 U.S.C. § 1983.

5

defendants violated his right to Due Process. Plaintiff has neither a liberty nor property interest in the work release program and therefore his due process claims are frivolous. La. R.S.15:1111, the statute establishing the work release program, provides in part, "The Department [of Corrections] shall establish rules for the administration of the work release program and shall determine those inmates who may participate in the release program. Any convict sentenced to imprisonment at hard labor shall be eligible at any time during his sentence to participate in the work release program..."

In *Welch v. Thompson*, 20 F.3d 636 (5th Cir. 1994), the Fifth Circuit determined that La. R.S.15:1111 entrusts the actual operation of the work release program to the LDOC. The court further determined that the statute does not dictate to the LDOC who it must put on work release. In short, the Fifth Circuit has held that "...La. R.S.15:1111 <u>does not create a liberty interest</u> subject to the Due Process Clause." *Welch v. Thompson*, 20 F.3d 636, 644 (5th Cir. 1994). Since the statute does not create a protected liberty interest for eligible prisoners, there can be no deprivation of a liberty interest protected by the due process clause of the Constitution, and therefore plaintiff cannot show that a constitutional right has been violated.

To the extent that plaintiff also implies that he was deprived of a "property interest" as opposed to a liberty interest in violation of the due process clause, such an argument also lacks an arguable basis in law and fact. In *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972), the Supreme Court concluded that in order to have a property interest in a benefit, a person must have more than a "unilateral expectation" of it. Rather, he must "have a legitimate claim of <u>entitlement</u> to it." *Id.* (emphasis supplied). Thus, the "property interest" protected by the due process clause of the Fourteenth Amendment is defined by the concept of "entitlement," which in turn describes "the security of interests that a person has

6

already acquired in specific benefits." *Id.* at 576, 92 S.Ct. at 2708. In other words, a person's interest in a benefit is a property interest only "if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit..." *Evans v. City of Dallas*, 861 F.2d 846, 848 (5th Cir. 1988). Plaintiff can point to no rule or understanding which entitles him to participate in the program. In any event, the Fifth Circuit has also held that prisoners have no property interest work-release employment. *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48 (5th Cir.1995).Plaintiff is not entitled to participate in the Louisiana work-release program and therefore to the extent that he implies that he was denied either a liberty interest or a property right in violation of the Due Process Clause, such claims are subject to dismissal as frivolous.[3]

## 4. *Conclusion and Recommendation*

To the extent that plaintiff seeks restoration of his "good time" credits through this civil rights complaint, he has failed to state a claim for which relief may be granted. To the extent that he seeks monetary damages for the violations of his civil rights in the prison disciplinary proceeding which resulted in the forfeiture of those credits, his complaint is subject to dismissal as frivolous. To the extent that plaintiff seeks relief under Louisiana's workers' compensation law, his claim is frivolous. Finally, to the extent that he maintains that he was deprived of his right to participate in the work release program without due process, his claim is likewise frivolous. Therefore,

---

[3] To the extent that plaintiff might imply a violation of equal protection, such claim fares no better. In order to state a claim of discrimination under the Equal Protection clause, plaintiff must demonstrate that he was treated differently than other similarly situated individuals and that the unequal treatment stemmed from a discriminatory purpose. *Priester v. Lowndes County*, 354 F.3d 414, 424 (5th Cir.2004). A discriminatory purpose "implies that the decision maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group." *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir.2001). Plaintiff has made no such showing and thus, any implied equal protection claim is also subject to dismissal as frivolous.

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915A.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers at Monroe, Louisiana, this 6th day of October, 2008.

*[signature]*
KAREN L. HAYES
U. S. MAGISTRATE JUDGE